# NO SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LIBBY BRAUNER,
FRANCOIS LEICHTAG and ANN LEICHTAG,

        Plaintiffs,

    - against -

BRITISH AIRWAYS PLC,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN CLERK'S OFFICE
U.S. DIS RI CO E.D.N.Y.

★ JAN 24 2012 ★

BROOKLYN OFFICE

Civil Action No.

**NOTICE OF REMOVAL**



Pursuant to 28 U.S.C. §1446, defendant BRITISH AIRWAYS PLC ("British Airways"), by and through its counsel, CONDON & FORSYTH LLP, hereby files this Notice of Removal, pursuant to 28 U.S.C. § 1441, seeking removal of the above-entitled civil action, bearing Case No. 27495/11, from the Supreme Court of the State of New York, County of Kings, to the United States District Court for the Eastern District of New York, based upon federal question jurisdiction under 28 U.S.C. § 1331, as this case arises under the Montreal Convention of 1999, and diversity jurisdiction under 28 U.S.C. § 1332. In support of removal, defendant British Airways states as follows:

1.    On December 7, 2011, Plaintiffs Libby Brauner, Francois Leichtag and Ann Leichtag commenced an action by filing the attached Verified Complaint against British Airways in the Supreme Court of the State of New York, County of Kings, where it is now pending. That action bears the same title as the above caption and is docketed as Index No.: 27495/11.

2.    On or about January 6, 2011, Plaintiff personally served a Summons and Verified Complaint upon Defendant British Airways, thus this removal is timely under 28 U.S.C. § 1446(b). *See* Ex. A, Plaintiffs' Summons and Verified Complaint.

3.      Plaintiffs allege multiple causes of action, including breach of contract, intentional infliction of emotional distress and religious discrimination, because British Airways cancelled Plaintiffs' first class tickets for travel on British Airways Flight 174 from John F. Kennedy Airport to London Heathrow Airport.  After repurchasing economy fare tickets, Plaintiffs seek damages for physical and emotional injury due to the cramped seating on British Airways Flight 174 from New York to London on June 22, 2011.

4.      Plaintiffs' claims are expressly governed by Article 17 of the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on May 28, 1999 (entered into force on November 4, 2003) *reprinted in* Treaty Doc. 106-45, 1999 WL 33292734, 2242 U.N.T.S. 350 (2000)("Montreal Convention"), which, as it applies to this action, states that the carrier is liable for damages sustained in a case of personal injury on board an international flight provided the incident took place on the aircraft or during the embarking or disembarking process.  The Montreal Convention is an international treaty and recognized as the supreme law of the land in the United States.

5.      Upon information and belief, this Court has original jurisdiction over this action based on the existence of a federal question pursuant to 28 U.S.C. § 1331.  The transportation out of which the subject matter of this action arose was "international transportation" within the meaning of the Montreal Convention, and the rights of the parties herein are governed by the provisions of said Montreal Convention.  Accordingly, the underlying action may be removed to this Court by British Airways pursuant to the provisions of 28 U.S.C. § 1331 in that the action arises under a treaty of the United States, the Montreal Convention.

6.      Additionally, this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 as it is a civil action wherein the matter in controversy exceeds the sum or value of

2

$75,000.00 exclusive of interest and costs, and is between a citizen of a State and a citizen of a foreign state.

7.     At the time the Verified Complaint was filed, Plaintiffs were residents of New York State, Kings County. *See* Ex. A, Plaintiffs' Summons and Verified Complaint.

8.     At the time the Verified Complaint was filed, British Airways PLC was and is incorporated in England with its principal place of business in England.

9.     As stated in the Verified Complaint, Plaintiffs seek damages in the amount of $2,284,800.00. *See* Ex. A, Plaintiffs' Summons and Verified Complaint.

10.     Upon information and belief, this Court has original jurisdiction over this action based on diversity of the parties pursuant to 28 U.S.C. § 1332. Complete diversity of citizenship exists between Plaintiffs and British Airways PLC because Plaintiffs are citizens of this State and British Airways is incorporated and has its principal place of business in a foreign state. Further, the amount in controversy exceeds $75,000.00. Accordingly, the underlying action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1446.

11.     Defendant British Airways will file on this date a copy of the Notice of Removal with the Supreme Court of the State of New York, County of Kings, as required by 28 U.S.C. § 1446(d).

12.     Defendant British Airways will on this date give written notice of the filing of this Notice of Removal to adverse parties as required by 28 U.S.C. § 1446(d).

WHEREFORE, defendant British Airways, having complied with the requirements of 28 U.S.C. §§ 1331, 1332 and 1446, requests that this action now pending in the Supreme Court

3

of the State of New York, County of Kings, proceed in this Court as an action properly removed to

it.

Dated:      New York, New York
            January 24, 2012


                                    Respectfully submitted,

                                    CONDON & FORSYTH LLP

                                    By _____
                                       Anthony U. Battista (AB 0783)
                                       Mary Dow (MD 4417)
                                    Times Square Tower
                                    7 Times Square
                                    New York, New York  10036
                                    Telephone: (212) 490-9100

                                    *Attorneys for Defendant*
                                    BRITISH AIRWAYS PLC

4

TO:

Stern & Stern Esqs.
50 Court Street, Suite 1100
Brooklyn, New York 11201

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
LIBBY BRAUNER,
FRANCOIS LEICHTAG & ANN LEICHTAG

                Plaintiffs,

Index No. 27495

12 7

        - against -

**SUMMONS**

BRITISH AIRWAYS PLLC,
                Defendant.
-----------------------------------------------------------------X
TO THE ABOVE NAMED DEFENDANT:

        YOU ARE HEREBY SUMMONED to answer the Complaint in this

action and to serve a copy of your Answer or, if the Complaint is not served

with this summons to serve a Notice of Appearance on plaintiffs' attorneys

within twenty (20) days after service of this Summons, exclusive of the date of

Service, (or within Thirty (30) days after service is completed, if the Summons

is not personally delivered to you within the State of New York), and in case of

your failure to appear or answer, judgment will be taken against you by default

for the relief demanded in the Complaint.

    Plaintiffs designate Kings County as the place of trial.

        The basis of the venue designated is that it is Plaintiffs' place of

residence and a location where Defendant performs substantial business.

Dated: Brooklyn, New York
       November 28, 2011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------------X
LIBBY BRAUNER, FRANCOIS LEICHTAG
& ANN LEICHTAG

Index No:

Plaintiff,

- against -

**COMPLAINT**

BRITISH AIRWAYS PLLC,

Defendant.
------------------------------------------------------------------X

Plaintiffs by their attorneys STERN & STERN, ESQS. upon information and belief, as and for their Verified Complaint alleges the following:

1.  Plaintiffs LIBBY BRAUNER, FRANCOIS LEICHTAG and ANN LEICHTAG are all individuals residing in Kings County New York and members of the Chassidic orthodox Jewish community.

2.  Plaintiff LIBBY BRAUNER is an air miles account holder with and customer of Defendant BRITISH AIRWAYS, PLC. and further has a credit card account affiliated with Defendant.

3.  Plaintiffs FRANCOIS LEICHTAG and ANN LEICHTAG are Third Party beneficiaries of the aforementioned contracts. Rabbi Leichtag is a prominent Rabbi in the local Orthodox Chassidic community. Francois Leichtag suffers from serious back pain which causes travel in cramped economy class airplane seats to be extremely uncomfortable.

4.  Upon information and belief, Defendant BRITISH AIRWAYS PLC, (hereinafter "British Airways") is a foreign company duly registered in the

State of New York and conducting substantial business within the State of New York.

5.     Plaintiff Libby Brauner entered into a contract with Defendant British Airways to obtain a credit card through Chase Credit card Services wherein Plaintiff Brauner would be issued British Airways air mile points in exchange for Plaintiff Brauner making purchases using Defendant's credit card. At the end of each monthly billing cycle, any air mile points accumulated through use of the credit card would be transferred to Plaintiff Brauner's British Airways Air Miles account.

6.     Plaintiff Libby Brauner entered into a contract with Defendant which required that Defendant allow credit for the purchase of airplane tickets in exchange for air miles accrued through various credit card purchases.

7.     On or about June 15, 2011, Plaintiff Brauner utilized 150,000 of the air miles which she had accrued to purchase two first class tickets on British Airways Flight 174, from New York, John F. Kennedy Airport to London Heathrow Airport for a flight departing June 22, 2011 at 7:10 p.m. The monetary value of the tickets was approximately $14,000.00. Such tickets were in the name of, and for the benefit of, Rabbi Francois Leichtag and his wife Ann Leichtag.

8.     Defendant issued 2 British Airways e-tickets, ticket nos 125-2479757661 and 125-2479757662 in the names of Francois Leichtag and Ann

Leichtag under booking reference number 6Y6ZMQ for the aforementioned flight.

9.     Defendant expressly represented to Plaintiffs that such bookings were "confirmed".

10.     On June 22, 2011, when Plaintiffs Francois and Ann Leichtag arrived at the airport and attempted to board their flight, they were told by British Airways' representatives that their tickets were invalid.

11.     Plaintiffs Leichtag immediately contacted Plaintiff Brauner to resolve the problem. However British Airways' employees and/or representatives refused to speak to either Ms. Brauner or her son who assisted in the communications.

12.     Defendant failed and refused to provide any explanation, of whatever nature, to Plaintiffs as to why the tickets had been cancelled.

13.     Plaintiffs Leichtag were highly embarrassed and distressed by the ensuing uproar at the airport flight reservations desk.

14.     Plaintiffs Leichtag were forced to purchase two economy class tickets at the market price of $1,800.00 so as to be able to board the flight.

15.     Thereafter, Defendant froze Plaintiff Brauner's British Airways Air Miles account and removed all of her remaining air miles which by then totaled 146,351, the monetary value of which was approximately $13,000.00

16.     Over the next few months, as Plaintiff Brauner accrued more air miles, making purchases using her British Airways credit card, when the air miles were transferred to Ms. Brauner's British Airways Air Miles account, Defendant would systematically remove and nullify them. To date a further 124,692 air miles were removed, with a monetary value of approximately $11,000.00, for a total of 421,043 Air Miles which were wrongfully removed.

17.     Over the course of the next few months, Plaintiff Brauner repeatedly requested that Defendant restore her Air Miles including the 150,000 which she had utilized to purchase the tickets to London for Plaintiffs Leichtag.

18.     Defendant has failed and refused to restore the Air Miles or refund the $1,800.00 that the Leichtags were forced to expend despite due demand from Plaintiff.

19.     Due to the fact that Rabbi Leichtag is a prominent, highly revered member of the religious community, Plaintiff Brauner's reputation and standing in the community including in the synagogue which she attends has been irrevocably damaged.


## FOR A FIRST CAUSE OF ACTION

### (Breach of Contract)

20.   Plaintiff repeats and realleges each and every allegation contained in the paragraphs of the Complaint designated "1" through "19" with the same force and effect as if fully set forth at length.

21.   Defendant has breached the express terms of its Contracts with Plaintiff Brauner.

22.   As a result of Defendant's conduct, Plaintiff Brauner has incurred actual damages in the amount of $29,800.00

## FOR A SECOND CAUSE OF ACTION

### (Breach of Third Party Contract)

23.   Plaintiff repeats and realleges each and every allegation contained in the paragraphs of the Complaint designated "1" through "19" with the same force and effect as if fully set forth at length.

24.   Defendant has breached the express terms of its Contracts with Plaintiff Brauner.

25.   Plaintiffs Leichtag were anticipable third party beneficiaries of Defendant's Contracts with Plaintiff Brauner as the Terms and Conditions of the Contract expressly provide that "rewards" i.e. "flight tickets" may be issued in "any name requested".

26.   Plaintiff therefore further owed a duty to Plaintiffs Leichtag.

27. Due to the aforementioned breach of contract, Plaintiffs Leichtag have incurred actual damages in the amount of $29,800.00.

## FOR A THIRD CAUSE OF ACTION

(injunction for specific performance and declaratory judgment)

28. Plaintiff repeats and realleges each and every allegation contained in the paragraphs of the Complaint designated "1" through "19" with the same force and effect as if fully set forth at length.

29. Due to the foregoing, Plaintiffs seek an injunction ordering Defendants to restore all of Plaintiff Brauner's air miles.

30. Due to the foregoing, Plaintiffs seek a declaratory judgment that all of Plaintiff Brauner's air miles that were previously removed are all valid and may be redeemed for "rewards" including flight tickets, forthwith, subject to no restrictions other than those set forth in the parties' Contract.

## FOR A FOURTH CAUSE OF ACTION

(negligent or willful defamation of character and intentional infliction of emotional distress)

31. Plaintiff repeats and realleges each and every allegation contained in the paragraphs of the Complaint designated "1" through "19" with the same force and effect as if fully set forth at length.

32. As a result of Defendant's conduct, Plaintiffs' reputation was irreparably damaged in their religious, business and social community.

33.     As a result of Defendant's conduct, Francois Leichtag bother suffered both physical and emotional distress and Ann Leichtag and Libby Brauner suffered emotional distress.

34.     Due to the foregoing, Plaintiffs have been damaged in the amount of $250,000.00.

## FOR A FIFTH CAUSE OF ACTION

(Unlawful discrimination based upon religious affiliation in violation of Title 8 of the New York City Human Rights Law and the United States Constitution).

35.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs of the Complaint designated "1" through "34" with the same force and effect as if fully set forth at length.

36.     Plaintiffs are all observant Jews from the Chassidic community. Plaintiff Francois Leichtag is a prominent Rabbi in the community.

37.     Defendant was aware of Plaintiffs' religious beliefs due to Plaintiffs' appearance and the fact that Plaintiffs had requested kosher meals on each occasion that they flew.

38.     Based upon Plaintiffs' religious beliefs and ethnicity, Defendant singled out Plaintiffs for derogatory treatment and treated Plaintiffs differently than it treated its non-Semitic customers.

39.     Due to the foregoing acts of discrimination, Plaintiffs have been damaged in the amount of $1,000,000.00.

40.     Plaintiff further seeks punitive damages in the amount of $1,000,000.00.

WHEREFORE Plaintiff respectfully demands the entry of judgment against Defendant in the sum of $29,800,00 on its first cause of action, $5,000.00 on its second cause of action, $250,000.00 on its fourth cause of action; $2,000,000.00 on its fifth cause of action and an injunction on its third cause of action directing Defendant to restore all air miles and a declaratory judgment declaring all of Plaintiff Brauner's air miles valid and available for use to purchase rewards without restriction other than those in the parties' Contract and awarding Plaintiff the costs, legal fees and disbursements of this action, together with such other and further relief as this court may deem just proper and equitable.

Dated: Brooklyn, New York
November 25, 2011

Yours etc.

STERN & STERN ESQS.
Attorneys for Plaintiff
50 Court Street, Suite 1100
Brooklyn, New York 11201
(718) 935-9458

VERIFICATION

STATE OF NEW YORK
                    SS.:
COUNTY OF KINGS

Libby Brauner affirms the following under penalties of perjury:

1.    I affirm rather than swear due to my religious beliefs.

2.    I am one of the Plaintiffs in this action

3.    I have read the foregoing Complaint and know the contents thereof; the same is true to my knowledge except as to those matters therein stated to be alleged upon information and belief and as to those matters I believe it to be true.

4.    The grounds for my belief as to those matters alleged upon information and belief is my review of my books and records pertaining to this matter.

Libby Brauner

Affirmed to before me
November 2?, 2011

NOTARY PUBLIC

*Sima Rosenberg*
*NYS Notary Public #24-4914802*
*Qualified in Kings County*
*Comm. Expires Dec. 14, 2013*